Willie Earl **TENNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–92–00129–CR.

Court of Appeals of Texas,
El Paso.

March 31, 1993.

Michelle P. Scheef, Richardson, for appellant.

John Vance, Crim. Dist. Atty., Dallas, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

**OPINION**

BARAJAS, Justice.

This is an appeal from a conviction for the offense of aggravated robbery, enhanced by two prior felony convictions. Upon a plea of guilty, the jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 70 years. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The record reflects that on December 13, 1991, Mohamed Kamara was on duty as an attendant at a Stop 'N Go convenience store located in Dallas County, when two men walked into the store, held knives to his side and back, and told him to open his cash register. Kamara identified Appellant as the individual who held a four-inch knife to his side. The man who held the knife to Kamara's back left the store after a moment to serve as a lookout while Appellant stayed inside and continued to carry out the robbery.

After Kamara opened the cash register, Appellant proceeded to remove money and stamps from the register while Kamara stood with his hands in the air. A local police officer passing by the convenience store saw the victim with his hands high in the air and appropriately returned to the store. As Appellant started to effect his escape through the door, he saw the police officer. Appellant turned around, dumped the money and his knife in a trash can, and once again attempted to leave the store at which point he was arrested. Appellant pled guilty to the offense of aggravated robbery, but requested a jury trial on the issue of punishment.

## II. DISCUSSION

In a single point of error, Appellant complains that the evidence is insufficient to sustain the conviction because a fatal variance exists between the indictment and the State's evidence at trial.[1]

1. On February 25, 1993, after this cause was set for submission for March 12, 1993, Appellant filed a motion requesting leave to file a supplemental brief that attempted to advance a new

The indictment in this cause contained two enhancement paragraphs for the purpose of punishment, one of which alleged that Appellant had been convicted of aggravated robbery with a deadly weapon.[2] Appellant pled not true to the enhancement paragraphs. During the punishment phase of trial, defense counsel objected to admission of the penitentiary packet related to the prior aggravated robbery offense on the ground that it did not conform to the allegation in the indictment since Appellant had only been convicted of robbery, rather than "aggravated" robbery. The trial court overruled the objection, stating as follows:

> [F]or purposes of the record the charge that goes to the jury, that portion of the third paragraph which alleges that the defendant was convicted of aggravated robbery with a deadly weapon, the Court will strike from that indictment the words "aggravated" and "with a deadly weapon."

No physical changes were made to the indictment.

Relying on *Ward v. State*, 829 S.W.2d 787 (Tex.Crim.App.1992), defendant urges that the trial court's failure to physically alter the indictment creates a fatal variance between the State's pleading and its proof. In *Ward*, the defendant was convicted in a bench trial of burglary of a building and plead true to the enhancement allegations in the indictment. *Id.* at 788. On the date of Ward's trial, the State moved to amend the indictment to change the name of the complaining witness and, over Ward's objection that allowing the amendment caused the indictment to charge him with a new or different offense. The trial court granted the State's motion to amend. *Id.* However, the trial court neglected to physically change the complainant's name on the grand jury indictment. *Id.*

On appeal, Ward challenged the sufficiency of the evidence supporting his conviction on the ground that the State failed to prove Ward did not have the complain-

ant's permission to enter the building which he was convicted of burglarizing. *Id.* at 789. The Court of Criminal Appeals agreed, stating that because the indictment was not, in fact, physically amended, the evidence was insufficient to support Ward's conviction. *Id.* at 795.

■ In the instant case, we agree with Appellant that in order to effectively amend the indictment, the court must physically alter the face of the indictment. *See Ward*, 829 S.W.2d at 793. However, we believe that *Ward* is distinguishable from · the present cause. In *Ward*, the Court of Criminal Appeals quite clearly indicated that an indictment must name the proper complainant. *Id.* at 795. We note, however, that Texas courts have rightfully required a greater degree of particularity in the charging of primary offenses than in alleging prior convictions for the purpose of enhancement. *Freda v. State*, 704 S.W.2d 41, 42 (Tex.Crim.App.1986); *Coleman v. State*, 577 S.W.2d 486, 488 (Tex. Crim.App.1979).

■ The purpose of the enhancement allegation is to provide an accused with notice of the prior conviction upon which the State relies. *Id.* Where a variance is shown in the enhancing portion of an indictment, the courts have required the accused to show that the variance resulted in surprise, to his prejudice. *See Freda*, 704 S.W.2d at 43. For example, in *Freda*, where the indictment alleged that defendant had a prior conviction for bank robbery but the proof showed defendant had been convicted of conspiracy to commit bank robbery, the Court of Criminal Appeals held that the variance was not fatal and material because defendant had not shown that the variance surprised him to his prejudice. *Id.* at 42–43.

■ In the present cause, both the second enhancement paragraph of the indictment and the jury charge, as well as the penitentiary packet relating to Appellant's prior robbery conviction, all set forth the

---

and additional point of error. Motion for leave to file was denied by this Court.

**2.** The second enhancement paragraph alleged that Appellant had been previously convicted of burglary of a habitation.

proper cause number, date of conviction and trial court number for the said robbery conviction. Although the enhancement allegation in the indictment incorrectly stated that Appellant had been convicted of "aggravated" robbery with a deadly weapon, the presence of other correct details provided Appellant with proper notice of his prior conviction. Appellant does not allege that he was in any way surprised by the variance. Thus, we find that the variance is neither fatal nor material.

In reviewing the sufficiency of the evidence to support a criminal conviction, we are constrained to view all the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime as alleged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 159 (Tex.Crim.App.1991); *Dwyer v. State,* 836 S.W.2d 700 (Tex. App.—El Paso 1992, pet. ref'd); *Enriquez v. State,* 826 S.W.2d 191 (Tex.App.—El Paso 1992, no pet.). Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State,* 788 S.W.2d 1, 6 (Tex.Crim.App.1989), cert. denied, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Nor do we resolve any conflict of fact or assign credibility to the witnesses as it was the function of the trier of fact to accept or reject any, part or all of any witness's testimony. *See Adelman v. State,* 828 S.W.2d 418, 421 (Tex. Crim.App.1992); *Matson v. State,* 819 S.W.2d 839, 843 (Tex.Crim.App.1991). Instead, an appellate court's duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in a light most favorable to the verdict. *Adelman,* 828 S.W.2d at 421–22. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson,* 819 S.W.2d at 843, *quoting Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

Measuring the evidence against either the jury charge or the indictment, we conclude that any rational trier of fact could have found the essential elements of the enhancement allegations true beyond a reasonable doubt. Accordingly, Appellant's sole point of error is overruled.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.