PD-0061-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/23/2015 10:16:06 AM
Accepted 1/29/2015 9:45:23 AM
ABEL ACOSTA
CLERK

PD-0061-15

**CARLTON WOOD**,
Appellant
v.

**THE STATE OF TEXAS,**
Appellee

## STATE'S PETITION FOR DISCRETIONARY REVIEW

From the Court of Appeals for the
Fourth Court of Appeals District of Texas
at San Antonio, No. 04-14-00224-CR,
and the 226th District Court of
Bexar County, Trial Court No. 2013-CR-3690,

NICHOLAS "NICO" LaHOOD
Criminal District Attorney
Bexar County, Texas

JAY BRANDON
Assistant District Attorney
SBN 02880500
101 W. Nueva
San Antonio TX 78205
(210) 335-2418
jay.brandon@bexar.org

FILED IN
COURT OF CRIMINAL APPEALS

January 29, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

Carlton Wood                    -        Appellant (defendant in the trial court)

Edward A. Bartolomei            -        Appellant's attorneys at trial
Robbie L. Ward

David L. McLane                 -        Appellant's attorney on appeal

Stacy Esterak                   -        Attorneys for the State at trial
Clayton Head

Hon. Sid Harle                  -        Judge Presiding at trial

Jay Brandon                     -        Attorney for the State on appeal

TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES 2

INDEX OF AUTHORITIES 5

STATEMENT REGARDING ORAL ARGUMENT 6

STATEMENT OF THE CASE 6

STATEMENT OF PROCEDURAL HISTORY 6

GROUNDS FOR REVIEW

**GROUND FOR REVIEW ONE**
**THE COURT OF APPEALS**
**ERRED BY REFUSING TO**
**APPLY A PRESUMPTION**
**THAT THE DEFENDANT PLED**
**TRUE TO THE ENHANCEMENT.** 8

**GROUND FOR REVIEW TWO**
**WHERE THE TRIAL COURT**
**FINDS AN ENHANCEMENT TRUE**
**AND THE DEFENDANT DOES NOT**
**OBJECT, THE PRESUMPTION**
**SHOULD BE APPLIED.** 8

**GROUND FOR REVIEW THREE**
**THE EVIDENCE SUPPORTED**
**THE COURT'S FINDING OF**
**TRUE, CONTRARY TO THE**
**COURT OF APPEALS' HOLDING.** 8

PRAYER FOR RELIEF 16

CERTIFICATE OF COMPLIANCE 17

CERTIFICATE OF SERVICE 17

3

APPENDIX:  Court of Appeals opinion                    attachment

# INDEX OF AUTHORITIES

Page

*Brown v. State*, No. 14-08-00614-CR (Tex.App.—Houston
[14th Dist.] 2011, no pet.)     9

*Flowers v. State*, 220 S.W.3d 919 (Tex.Crim.App. 2007)     11

*Freda v. State*, 704 S.W.2d 41 (Tex.Crim.App. 1986)     12

*Hazelwood v. State*, 838 S.W.2d 647 (Tex. App.—Corpus
Christi 1992, no pet.)     9

*Hunt v. State*, 994 S.W.2d 206 (Tex.App.—Texarkana 1999, no pet.)     9

*Osteen v. State*, 642 S.W.2d 169 (Tex.Crim.App. 1982)     9

*Richardson v. State*, 957 S.W.2d 854 (Tex.App.—Tyler 1997,
pet. ref'd)     10

*Sharp v. State*, 707 S.W.2d 611 (Tex.Crim.App. 1986)     9

*Tenner v. State*, 850 S.W.2d 818 (Tex.App.—El Paso 1993,
no pet.)     12

*Warren v. State,* 693 S.W.2d 414 (Tex.Crim.App. 1985)     9

*Wilson v. State*, 671 S.W.2d 524 ([Tex.Crim.App. 1984)     8

*Wood v. State*, ___ S.W.3d ___, No. 04-14-00224-CR
(Tex. App.—San Antonio 2014, pet. filed)     4

STATEMENT REGARDING ORAL ARGUMENT

In this opinion the Fourth Court of Appeals has placed itself out of step with almost all the other appellate jurisdictions in this state. Not only did the court refuse to apply a presumption found in the Rules of Appellate Procedure, it discounted evidence of Appellant's prior conviction. Oral argument would be useful for answering any questions this Court may have about the ways the court of appeals' opinion went wrong.

STATEMENT OF THE CASE

Appellant was convicted in a bench trial of evading arrest/ vehicle. After a presentence investigation report and brief punishment hearing, the court assessed punishment at imprisonment for four years.

STATEMENT OF PROCEDURAL HISTORY

On December 17, 2013, the Fourth Court of Appeals handed down an opinion reversing the punishment in this case and remanding to the trial court for new punishment hearing. The published opinion is by Justice Rebeca Martinez, joined by Justices Alvarez and Chapa. *Wood v. State*, ___ S.W.3d ___, No. 04-14-00224-CR (Tex. App.—San Antonio 2014, pet. filed).

6

TO THE HONORABLE JUDGES OF SAID COURT:

On September 18, 2013, a panel of the Fourth Court of Appeals handed down an opinion reversing the punishment in this case and remanding to the trial court for new punishment hearing. The court specifically refused to apply the presumption found in Rule of Appellate Procedure 44.2(c)(4) that a defendant has pled to an indictment. Instead the court held the exact opposite, that a plea of true to an enhancement count "must be affirmatively reflected by evidence in the record." This holding is contrary to many cases saying the presumption must be applied in the face of a silent record.

Furthermore, the trial court in this case announced at the beginning of the punishment hearing, in front of Appellant and his counsel, that the enhancement count had been found true. Appellant had an opportunity to make an issue of this but did not. Appellant also testified during the hearing that he had been convicted for possession of a controlled substance, the same offense alleged in the enhancement.

It is clear from the record that Appellant pled true to the enhancement paragraph off the record. The Fourth Court erred by not applying the presumption.

**GROUND FOR REVIEW ONE**
**THE COURT OF APPEALS**
**ERRED BY REFUSING TO**
**APPLY A PRESUMPTION**
**THAT THE DEFENDANT PLED**
**TRUE TO THE ENHANCEMENT.**

**GROUND FOR REVIEW TWO**
**WHERE THE TRIAL COURT**
**FINDS AN ENHANCEMENT TRUE**
**AND THE DEFENDANT DOES NOT**
**OBJECT, THE PRESUMPTION**
**SHOULD BE APPLIED.**

**GROUND FOR REVIEW THREE**
**THE EVIDENCE SUPPORTED**
**THE COURT'S FINDING OF**
**TRUE, CONTRARY TO THE**
**COURT OF APPEALS' HOLDING.**

SUMMARY OF THE ARGUMENT

The Rules of Appellate Procedure instruct appellate courts to presume a defendant pled to the indictment, unless the contrary is made an issue in the trial court. In this case the trial court announced the enhancement had been found true, and Appellant did not make an issue of that finding. Appellant himself then testified he had served time in prison for a conviction for the offense named in the enhancement allegation. These facts perfectly support applying the presumption, but the court of appeals refused to do so. In taking this stance, the Fourth Court placed itself in conflict with several other courts of appeals in this state, as well as this Court.

8

ARGUMENT

*The Enhancement Allegation*

Appellant's indictment included a paragraph titled "Enhancement

Allegation," which read as follows:

> And it is further presented in and to said Court that, before the
> commission of the offense alleged above, on the 23rd day of
> SEPTEMBER, A.D. 2002, in Cause No. 2002CR2129, in Bexar
> County, Texas, the defendant was convicted of the felony of POSS CS
> PG1 1 GRAM TO 4 GRAMS…

(CR 5)

*The Trial Court's Finding*

Appellant's was a bench trial.  After the trial court found him guilty of

evading arrest, the court recessed for a punishment hearing.  That hearing included

a presentence investigation report, which the court had reviewed. (RR3 3)  At the

beginning of the hearing, the court said, "The enhancement has been found true."

(RR3 3)  No one objected to this finding or commented on it in any way.  Then the

court heard punishment evidence.

The docket sheet also shows that the enhancement was found true. (CR 66)

*Other Evidence*

The PSI report obviously contained information the court read which is not

in the record.  The court asked Appellant how much of his six-year prison term he

had served. (RR3 4) There was no testimony or other evidence concerning the length of Appellant's previous sentence.

Appellant also testified that he had been convicted of possession of a controlled substance and served prison time for it. (RR3 60-1) That was the offense alleged for enhancement. Appellant said this was in "the 2000s," but he wasn't sure if it was 2002, the date alleged in the indictment. (RR3 61)

*The Presumption*

Texas Rule of Appellate Procedure 44.2(c) says:

*Presumptions.* Unless the following matters were disputed in the trial court, or unless the record affirmatively shows the contrary, the court of appeals must presume:
　　　(1) that venue was proved in the trial court;
　　　(2) that the jury was properly impaneled and sworn;
　　　(3) that the defendant was arraigned;
　　　(4) **that the defendant pleaded to the indictment or other charging instrument;** and
　　　(5) that the court's charge was certified by the trial court and filed by the clerk before it was read to the jury.
(emphasis added)

*The Court of Appeals' Holding*

The court of appeals acknowledged this presumption, but held, "However, a defendant's plea of 'true' to an enhancement allegation must be affirmatively reflected by evidence in the record. *Wilson[ v. State]*, 671 S.W.2d [524] at 525-26 ([Tex.Crim.App. 1984)]." *Wood, slip op.* at 5. The court of appeals then proceeded

to hold that the State had not put on sufficient evidence to uphold the finding of true to the enhancement allegation. *Id.*

*Argument*

The *Wilson* opinion was handed down from this Court in 1984. It does indeed say what the court of appeals cited it as saying, but cites no authority for that proposition. The Rules of Appellate Procedure were promulgated by this Court (and the Supreme Court) to take effect September 1, 1986. Rule 44.2(c), set out above, seems designed to overrule *Wilson*, *sub silentio*. Whatever the intention, the rule now controls this situation.

Since *Wilson*, this Court has held that the presumption of regularity in proceedings controls unless the supposed error was called to the attention of the trial court or the record affirmatively demonstrates the contrary. *Sharp v. State*, 707 S.W.2d 611, 616 (Tex.Crim.App. 1986). *Warren v. State,* 693 S.W.2d 414, 416 (Tex.Crim.App. 1985), points out that courts of appeals are to presume that the defendant was arraigned and that he pleaded to the charging instrument, "unless such matters were made an issue in the court below, or otherwise affirmatively appears to the contrary from the record."

Many courts have applied the various presumptions found in this rule. *Osteen v. State*, 642 S.W.2d 169, 171 (Tex.Crim.App. 1982)(based on the predecessor to Rule 44.2(c); court must presume jury properly empaneled and

sworn); *Hunt v. State*, 994 S.W.2d 206 (Tex.App.—Texarkana 1999, no pet.)(it is to be presumed that the defendant pled to the indictment); *Hazelwood v. State*, 838 S.W.2d 647 (Tex. App.—Corpus Christi 1992, no pet.)(silence in the record does not amount to an affirmative showing that a plea was not taken); *Brown v. State*, No. 14-08-00614-CR (Tex.App.—Houston [14th Dist.] 2011, no pet.) (memorandum opinion)("we must presume a defendant was arraigned and pleaded to the indictment unless these matters were disputed in the trial court or the record affirmatively shows the contrary").

One of the most significant of these is *Richardson v. State*, 957 S.W.2d 854, 856 (Tex.App.—Tyler 1997, pet. ref'd), which says, "[T]he record must affirmatively show that the indictment in its entirety was not read, or trial counsel must have called the omission to the attention of the court. **Silence in the record does not amount to an affirmative showing.**" (emphasis added).

The record in this case shows only a resounding silence in the record. The trial court announced in open court that the enhancement had been found true. Appellant had the perfect opportunity to call any omission in arraigning or pleading to the trial court's attention but did not. Defense counsel apparently knew as well as the court did that Appellant had pled true off the record. This is the exact situation Rule 44.2 was designed to cover.

The court of appeals' opinion holds, in effect, that there must be evidence in

the record before this presumption may be honored. In other words, a fact may be presumed true as long as the State proves it first. This misunderstands the nature of a presumption, which is a fact to be presumed without evidence. If it needed evidence, it wouldn't be a presumption.

*Sufficient Evidence*

Aside from the presumption, there was sufficient evidence before the trial court to prove that Appellant had been convicted of the prior offense alleged in the indictment. The trial court obviously had evidence in the presentence investigation report, to which the court referred when questioning Appellant about how much of his sentence he had served. Furthermore, Appellant freely admitted that he had been convicted of possession of a controlled substance, the offense alleged in the indictment. Given the fact that an enhancement allegation does not have to be proven with the same precision as guilt, this was sufficient evidence to support the court's finding of true.

> To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. No specific document or mode of proof is required to prove these two elements. There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document… Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction.

*Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex.Crim.App. 2007).

Appellant's own testimony proved both the existence of a prior conviction and that he was linked to it. He had, in fact, served the time for that conviction. Added to the information available to the court in the PSI report, this sufficed to prove the prior conviction.

That Appellant didn't remember the exact year of his conviction is insignificant. He clearly knew the conviction the State alleged. The purpose of an enhancement allegation is simply to give a defendant notice of the prior conviction on which the State intends to rely. "It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex.Crim.App. 1986). Proof has been held sufficient where the name of the offense, the date, the cause number, or the state of conviction has varied from the claim in the enhancement count. *See, Freda, supra; Woodward v. State*, No. 04-10-00815-CR, 2011 Tex.App. LEXIS 8706 (Tex.App.—San Antonio 2011, no pet.)(not designated for publication)(name of offense of prior conviction incorrect); *Foster v. State*, No. 04-01-00040-CR, 2002 Tex.App. LEXIS 1081 (Tex. App.—San Antonio 2002, no pet.)(not designated for publication) (enhancement count listed wrong date; affirmed). Appellant does not claim he was

unfairly surprised by any variation. *Tenner v. State*, 850 S.W.2d 818, 820 (Tex.App.—El Paso 1993, no pet.). In fact, he clearly was not.

The court of appeals held, "The State not only failed to prove the conviction to be used for enhancement beyond a reasonable doubt, it failed to present even prima facie evidence of the conviction." *Wood, supra, slip op.* at 6. This holding is contradictory to the teachings of *Flowers, supra. Flowers* says no documentary evidence is required. The Fourth Court says it is. If a defendant's admission that he was previously convicted of the offense alleged for enhancement isn't prima facie evidence of that conviction, what is it? *Flowers* says, "Texas substantive law does not require that the fact of a prior conviction be proven in any specific manner…. Any type of evidence, documentary or testimonial, might suffice." 220 S.W.3d at 922. The Fourth Court of Appeals, by contrast, seems to require evidence of a document. Again, this is contrary to the law as stated by this Court.

*Conclusion*

It is clear that everyone in the trial court knew facts that the court of appeals did not. That is why the presumptions of Rule 44.2 exist. The trial court said Appellant had been previously convicted, and no one in court disputed that fact. Appellant himself admitted to it. It was only on appeal that the lack of a plea on the record became an issue. But the rule requires the defendant to raise that issue in the trial court. The court of appeals, relying on outdated precedent, has

15

established in a published opinion requirements on trial courts not required by the applicable rules or this Court's holdings. This Court should grant review and reverse this judgment.

PRAYER FOR RELIEF

The State prays that this Court will grant this petition, and after further briefing and argument reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Respectfully submitted,

NICHOLAS "NICO" LaHOOD
Criminal District Attorney
Bexar County, Texas

/s/ Jay Brandon

JAY BRANDON
Assistant Criminal District Attorney
Bexar County, Texas
101 West Nueva, 3rd Floor
San Antonio, Texas 78204
(210) 335-2418
jay.brandon@bexar.org
State Bar No. 02880500
Attorneys for the State

CERTIFICATE OF COMPLIANCE

I certify, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure

that this document contains 2,676 words.

/s/ Jay Brandon

_____

JAY BRANDON


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing brief was sent by electronic mail to

David L. McLane, Attorney for Appellant,, and to State Prosecuting Attorney Lisa

McMinn, 209 W. 14th Street, Suite 202, Austin TX 78701, on the 23rd day of

January, 2015.

/s/ Jay Brandon

_____

JAY BRANDON


## OPINION

No. 04-14-00224-CR

Carlton **WOOD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CR-3690
Honorable Sid L. Harle, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 17, 2014

REVERSED AND REMANDED

On appeal, Carlton Wood asserts there is insufficient evidence to support the enhanced sentence he received for evading arrest with a motor vehicle.  We agree and reverse that portion of the judgment and remand for a new punishment hearing.

### BACKGROUND

Wood was charged by indictment with having committed the third degree felony offense of evading arrest with a vehicle, for which the punishment range is imprisonment for two to ten years.  TEX. PENAL CODE ANN. § 38.04 (West Supp. 2014); *id.* § 12.34(a) (West 2011).  The

indictment contained an enhancement paragraph alleging that Wood was previously convicted of possession of one to four grams of a controlled substance, Penalty Group 1, on September 23, 2002 in Bexar County, Texas, a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2010). If found true, the enhancement would elevate the punishment range for the evading arrest offense to that of second degree felony, i.e., imprisonment for two to twenty years. TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014); *id.* § 12.33(a) (West 2011). Wood pled not guilty to evading arrest, waived his right to a jury trial, and was tried by the court. The trial court found Wood guilty of evading arrest with a vehicle as charged in the indictment. During the punishment phase, the trial court found that the enhancement allegation was "true." The court denied Wood's request for probation and sentenced Wood to four years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. No fine was assessed. Wood timely appealed.

## ANALYSIS

In a single issue, Wood argues the finding in the judgment that the enhancement paragraph is "true" is without any basis. Wood asserts that because he did not enter a plea of "true" to the enhancement on the record and the State failed to present any evidence to prove up the prior conviction, the trial court erred in finding the enhancement "true." The State argues that because Wood failed to object in the trial court, a presumption applies that he pled "true" to the enhancement as recited in the judgment.

During the guilt/innocence phase, Wood testified that he previously had "one drug conviction" for which he had been to prison "in the 2000's." Wood provided no details concerning that prior drug conviction, and stressed that he had been to prison only once. On cross-examination, the prosecutor questioned Wood about two prior charges for drug-related offenses: (i) possession of one to four grams of a controlled substance on October 30, 2000; and (ii)

possession with intent to deliver four to 200 grams of a controlled substance on February 7, 2002. Wood did not admit to being convicted of either of those charges and no documentary evidence was presented by the State with regard to these alleged charges. The prosecutor did not question Wood about the September 23, 2002 conviction for possession of one to four grams of a controlled substance that was alleged in the enhancement paragraph of the indictment. No documentary proof of that conviction was offered or admitted. After the trial court found Wood guilty of the evading arrest charge, it ordered a pre-sentence investigation report to be prepared before sentencing.

At the beginning of the punishment hearing, the trial court stated on the record, "[t]he enhancement was found true." The court did not take Wood's plea of "true" or "not true" to the enhancement on the record. During the hearing, the court did not specify whether its finding that the enhancement was "true" was based on a plea of "true" (which does not appear in the record) or on other proof of the prior conviction alleged in the indictment. No objection was raised by Wood. After the court's statement that "the enhancement was found true," the following discussion occurred between the trial court, Wood, and defense counsel with regard to how much time Wood served on the prior conviction:

> THE COURT: How long did you actually serve on that six-year term, Mr. Wood?
>
> DEFENDANT: The full six years, Your Honor.
>
> THE COURT: How come?
>
> DEFENSE COUNSEL: No, you were on parole for three years.
>
> DEFENDANT: For three.
>
> THE COURT: So you did three.
>
> DEFENDANT: Be specific, yes. Three on parole and three.

The State argues that it is apparent from the above exchange that Wood and his counsel were on notice the State was seeking an enhancement, were aware of the details of the prior conviction used for the enhancement, and were not surprised or prejudiced by the court's finding that the enhancement was "true" — as evidenced by Wood's failure to object which the State asserts waived any error. *See Marshall v. State*, 185 S.W.3d 899, 902-03 (Tex. Crim. App. 2006) (defendant is on notice that State is seeking greater penalty when enhancement is contained in indictment and not waived, and specific trial objection is necessary to preserve error due to court's failure to read enhancement allegation and take defendant's plea). The State's argument misses the mark because Wood is not complaining that he failed to receive proper notice of the prior conviction to be used for enhancement, but, rather, that the State failed to prove the prior conviction.

To establish a prior conviction for purposes of enhancement, the State must prove two elements beyond a reasonable doubt: (i) the existence of a prior conviction; and (ii) the defendant's link to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). A defendant's plea of "true" to the enhancement allegation satisfies the State's burden of proof. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984). Absent a plea of "true," the State must prove the two elements by introducing evidence such as the defendant's admission or stipulation, documentary proof, e.g., a judgment, that contains sufficient information showing the defendant's identity as the person convicted of the prior offense, or testimony by a person with knowledge of the defendant's prior conviction. *Flowers*, 220 S.W.3d at 921-22. The trier of fact weighs the credibility of each piece of evidence and determines whether the totality of the evidence establishes the existence of the alleged conviction and its link to the defendant beyond a reasonable doubt. *Id.* at 923. In reviewing the sufficiency of the evidence to support a finding that an enhancement is "true," we consider all the evidence in the light most favorable to the finding and

determine whether a rational trier of fact could have found the essential elements beyond a reasonable doubt. *Prihoda v. State*, 352 S.W.3d 796, 807 (Tex. App.—San Antonio 2011, pet. ref'd) (citing *Isassi v. State*, 330 S.W.3d 633, 639 (Tex. Crim. App. 2010)).

Here, the judgment recites that Wood pled "true" to the enhancement paragraph of the indictment and that the enhancement was found "true." The State argues that "[o]bviously something happened off the record" to support the court's finding that the enhancement was "true," and asserts that both sides as well as the court proceeded as if Wood had pled "true." The State contends that, because Wood did not object in the trial court and the record does not affirmatively show the opposite, we must presume the regularity of the judgment and its recital that Wood pled "true;" therefore, the State's burden of proof was satisfied by the alleged plea of "true." *See Wilson*, 671 S.W.2d at 525-26; TEX. R. APP. P. 44.2(c)(4). However, a defendant's plea of "true" to an enhancement allegation must be affirmatively reflected by evidence in the record. *Wilson*, 671 S.W.2d at 526; *Wise v. State*, 394 S.W.3d 594, 598 (Tex. App.—Dallas 2012, no pet.). As noted, the record does not affirmatively show that Wood entered any plea at all to the enhancement allegation. Without a plea of "true" in the record, we proceed with our analysis by determining whether the State met its burden of proof on the enhancement allegation. *See Wise*, 394 S.W.3d at 600; *see also Guyton v. State*, No. 04-13-00179-CR, 2014 WL 2917213, at *1 (Tex. App.—San Antonio June 25, 2014, no pet.) (mem. op., not designated for publication) (in absence of "true" plea in the record, appellate court proceeds as if defendant pled "not true" to enhancement).

Based on the record before us, we conclude the State wholly failed to establish the September 23, 2002 prior conviction alleged in the enhancement paragraph of the indictment. The State did not introduce a certified copy of the judgment for that offense as is customary, and did not offer any other type of documentary or testimonial proof of the alleged September 23, 2002 conviction. While the State attempted to get Wood to admit to two other drug charges with

different dates, he refused to admit to being convicted for those offenses. Finally, Wood's vague testimony that he had "one drug conviction" for which he went to prison "in the 2000's" was insufficient, without more, to prove up the enhancement allegation in the indictment. *See Prihoda*, 352 S.W.3d at 808-09 (listing different types of proof that have been held sufficient to prove a prior conviction for enhancement purposes).

The State not only failed to prove the conviction to be used for enhancement beyond a reasonable doubt, it failed to present even prima facie evidence of the conviction. Therefore, contrary to the State's argument, no presumption of regularity attached to the judgment's recitals with respect to the enhancement conviction. *See Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007) (presumption of regularity of a judgment with respect to a prior conviction does not arise until after the State presents prima facie evidence of the conviction to be used for enhancement). When the State fails to make a prima facie showing of an enhancement conviction, as it did here, the defendant has no obligation to complain or object to any defect in the judgment concerning the alleged prior conviction. *Id.* at 7. As in the similar case *Wise*, we do not apply a presumption of regularity in the enhancement proceedings in a way that relieves the State of its burden to prove the enhancement allegations. *Wise*, 394 S.W.3d at 599 (citing *Fletcher*, 214 S.W.3d at 9).

Finally, the State asserts that any error in the enhancement proceedings is harmless because the four-year sentence Wood received is within the punishment range for a third degree felony with no enhancement. However, a failure of proof on an enhancement allegation is not subject to a harmless error analysis. *Wise*, 394 S.W.3d at 600; *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009) (noting a sufficiency-of-evidence deficiency can never be considered harmless).

Based on the foregoing reasons, we sustain Wood's issue, reverse the portion of the judgment assessing punishment and remand for a new punishment hearing. *See Wise*, 394 S.W.3d at 600-01.

Rebeca C. Martinez, Justice

PUBLISH