**Raymond Carl FREDA aka Raymond G. Conti, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 119–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 12, 1986.

Fred T. Bennett, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Ray Elvin Speece, and Don Stricklin, Asst. Dist.

Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of attempted arson and after a finding that appellant was an habitual criminal he was sentenced to life imprisonment at the Texas Department of Corrections.

Appellant argued on direct appeal that there was a fatal variance between one of the enhancing felonies charged in the indictment and the proof presented at the punishment phase of trial. Specifically, the indictment alleges that appellant was previously convicted of the "felony of Bank Robbery" while the proof shows that appellant had been convicted of conspiracy to commit bank robbery. The Waco Court of Appeals, in an unpublished opinion, concluded that such a variance would only require reversal if appellant had been surprised to his prejudice. The Court of Appeals found no evidence of prejudicial surprise and affirmed appellant's conviction. We granted appellant's petition for discretionary review in order to determine the correctness of the Court of Appeals' holding. The appellant contends that this Court's opinion in *Aaron v. State*, 546 S.W.2d 277 (Tex.Cr.App.1976), is in conflict with our opinion in *Hall v. State*, 619 S.W.2d 156 (Tex.Cr.App.1981). In *Aaron*, supra, this Court suggested, in dicta, that an indictment alleging an enhancing felony of "attempted burglary" while the actual conviction was for "simple burglary" was a fatal variance for which reversal was required, while in *Hall*, supra, we required a defendant to show prejudicial surprise in such situations.

It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense. *Cole v. State*, 611 S.W.2d

79 (Tex.Cr.App.1981); *Coleman v. State*, 577 S.W.2d 486 (Tex.Cr.App.1979).

In *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App.1976), the indictment alleged that the prior offense was styled "The *State of Texas v. Delbert Lorrain Plessinger*," while the proof clearly showed that the style should have been "The *State of Arizona v. Delbert Lorrain Plessinger*." This Court correctly pointed out that the object of the doctrine of variance is to avoid surprise to the defendant. Thus, the Court reasoned, only if the variance was such as to mislead the defendant to his prejudice would it be found material and require reversal. *Castro v. State*, 124 Tex. Cr.R. 13, 60 S.W.2d 211 (1933); *Thurman v. State*, 145 Tex.Cr.R. 279, 167 S.W.2d 528 (1942).

In *Cole*, supra, the charging instrument alleged a prior conviction as "Cause No. 87954" while the proof showed it to be "Cause No. 87594." The Court followed the reasoning of *Plessinger*, supra, and held there was no evidence of prejudicial surprise and, thus, there was no material variance requiring reversal.

In *Hall*, supra, the indictment alleged that a prior conviction had been charged by indictment, but the proof showed that the conviction had been charged by information. Again, the Court followed *Plessinger*, supra, stating:

> ... in alleging a prior conviction to enhance punishment, a variance between an allegation of the indictment and proof is a material and fatal variance only if it would mislead a defendant to his prejudice ... That there is a variance between the allegation that the appellant was prosecuted by indictment and proof that he was prosecuted by information is not a material and fatal variance; it is not a variance such as would mislead appellant to his prejudice.

*Hall*, 619 S.W.2d at 157–158.

Several other cases have similarly held variances not to be material. See *Rooks v. State*, 576 S.W.2d 615 (Tex.Cr.App.1978) (where the indictment alleged a prior conviction in the "Criminal District Court of

Harris County" while the proof showed that the conviction originated in the "184th District Court of Harris County"); *Thompson v. State*, 563 S.W.2d 247 (Tex.Cr.App. 1978) (where the indictment alleged that a prior conviction became final on October 17, 1972, and the proof showed the actual date to be October 19, 1972); *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App.1976) (where the variance was in the number of the district court in which the conviction occurred.)

In addition, several Court of Appeals' decisions have, likewise required a showing of prejudicial surprise in cases where a variance is shown in the enhancing portion of an indictment. *Lopez v. State*, 654 S.W.2d 521 (Tex.App.—Corpus Christi 1983) PDRR (where there was a variance between the date of a prior conviction alleged and that proved); *Klasing v. State*, 662 S.W.2d 789 (Tex.App.—Corpus Christi 1983) (omission of one digit of cause number); *Dula v. State*, 679 S.W.2d 601 (Tex. App.—Houston 1st 1984) (variance in cause number); *Pinkston v. State*, 681 S.W.2d 893 (Tex.App.—Ft. Worth 1984) (variance in date prior conviction became final).

Appellant relies primarily on *Aaron v. State*, supra. *Aaron*, supra, was reversed by this Court because the "pen packet" introduced at the penalty stage of trial contained evidence of extraneous offenses not shown to be valid final convictions. In dicta the Court said,

> In the event of retrial, we call attention to another fatal variance. The indictment charged appellant with having previously been convicted of "attempted burglary" ... The sentence shown for the prior conviction was for "simple burglary." In addition to the need for a judgment of conviction for the offense, discussed above, the allegations and proof would appear to reflect a fatal variance.

*Aaron*, 546 S.W.2d at 279.

There is no question that this dicta in *Aaron*, supra, is like (or corresponds to) the situation in the instant case. However, we believe that *Aaron*, supra, erroneously "analyzed" the variance. By characterizing the variance as fatal and material without determining whether the defendant had been prejudicially surprised, the Court effectively ignored the policy behind the doctrine of variance as discussed in *Plessinger*, supra. We will follow the trend in the law regarding allegations of prior convictions, which has generally moved toward a relaxation of the rigid technical rules of the past. This trend is reflected in the cases discussed above. To the extent that *Aaron*, supra, is in conflict with this it is overruled.

In the instant case the indictment correctly alleged the date of the prior offense, the cause number of the prior offense, the court returning the conviction for the prior offense, the location of the convicting court and the fact that the offense was a felony. A variance exists between the name of the prior offense alleged (Bank Robbery) and the name of the prior offense proved (Conspiracy to Commit Bank Robbery). However, appellant has not shown any evidence that this variance in any way surprised him to his prejudice. Thus, the variance is not fatal and material under the analysis of *Plessinger*, supra, and the cases following *Plessinger*.

Accordingly, the judgment of the Court of Appeals is affirmed.

CLINTON, J., dissents.