Munoz 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00033-CR






Dino Munoz, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-94-0294-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING






 

 A jury found appellant Dino Munoz guilty of burglary of a habitation with intent
to commit sexual assault. (1) His offense was enhanced with a prior conviction and the jury assessed
punishment at seventy-five years' imprisonment and a $10,000 fine. Munoz now appeals his
conviction. We will affirm the judgment of the district court.



BACKGROUND


 Complainant testified at trial that, in the early morning hours of March 4, 1994,
appellant entered her home in San Angelo without her consent and sexually assaulted her. At
trial, appellant's counsel attempted to show that the entry into the house and the sexual intercourse
that followed were not forced. Trial counsel called three witnesses who testified that appellant
and complainant had a prior relationship, and that appellant had spent time at complainant's house
on several other occasions. Trial counsel attempted to impeach complainant's testimony by
raising inconsistencies between her prior statements recounting the incident and her testimony at
trial. Trial counsel chose not to use complainant's sworn testimony from appellant's parole
revocation hearing from a prior offense.

 The indictment alleged the primary offense of burglary of a habitation with intent
to commit sexual assault, enhanced by a prior felony conviction for burglary of a habitation. The
jury found appellant guilty of the charged offense. In the punishment phase of the trial, the jury
found the enhancement count true. During testimony germane to the enhancement allegation, the
State entered into evidence a penitentiary packet which revealed that appellant's prior conviction
was for burglary of a building, not burglary of a habitation.

 Appellant filed a motion for new trial contending that his trial counsel was
ineffective. The court held a hearing on the motion at which trial counsel explained in sworn
testimony why he chose not to obtain an audio tape of the parole revocation hearing and why he
called certain witnesses but did not call others that appellant had recommended. The trial court
overruled the motion for new trial. On appeal, appellant raises three points of error alleging
ineffective assistance of counsel and two points of error contending that a fatal variance existed
between the enhancement paragraph in the jury charge and the proof of the prior conviction
presented at trial.



DISCUSSION


Ineffective Assistance of Counsel

 In his first three points of error, appellant contends that the trial court improperly
overruled his motion for new trial. Appellant claims that he was denied effective assistance of
counsel because trial counsel (1) failed to make an independent investigation of the audio tape of
the parole revocation hearing; (2) failed to impeach complainant's testimony with statements she
made at the parole revocation hearing; and (3) failed to locate and subpoena Janette Walker, a
friend of complainant's, whose testimony was purportedly favorable to appellant's case.

 The proper standard for determining claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Jackson v. State, 877 S.W.2d
768, 770-71 (Tex. Crim. App. 1994); Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim.
App. 1986) (adopting the Strickland standard). First, the defendant must show that counsel's
performance was deficient to the extent that counsel failed to function as the counsel guaranteed
by the Sixth Amendment. Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d at 771. Second,
the defendant must show that counsel's deficient performance prejudiced the defense. Strickland,
466 U.S. at 687; Jackson, 877 S.W.2d at 771. To demonstrate prejudice, the defendant must
show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. A reasonable probability is a probability sufficient
to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Jackson, 877 S.W.2d at
771; Wilkerson v. State, 726 S.W.2d 542, 550-51 (Tex. Crim. App. 1986), cert. denied, 480 U.S.
940 (1987).

 The defendant bears the burden of proof on both prongs of the Strickland test. 
Jackson, 877 S.W.2d at 771. Furthermore, a reviewing court must indulge a strong presumption
that counsel's conduct falls within the wide range of reasonable professional assistance; that is,
"the defendant must overcome the presumption that, under the circumstances, the challenged
action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; Jackson, 877
S.W.2d at 771. In other words, the record presented to the reviewing court must rebut the
presumption of reasonable professional assistance. Jackson, 877 S.W.2d at 771.

 In his first two points of error, appellant asserts that trial counsel was ineffective
because he failed to obtain a copy of the audio tape of the parole revocation hearing and failed to
use complainant's testimony from that hearing to impeach her at trial. At the hearing on the
motion for new trial, trial counsel testified that he decided it was not necessary to obtain a copy
of the tape of the parole hearing after he received a letter from appellant summarizing
complainant's testimony at the hearing. He explained that he felt the statements made by
complainant in a personal interview he conducted with her would adequately impeach her
testimony at trial. In addition, trial counsel testified that he thought it would have been risky trial
strategy to use complainant's testimony from the parole hearing because the jury might learn of
appellant's prior conviction.

 Trial counsel's decision not to obtain a copy of the tape from the parole revocation
hearing was not "outside the wide range of professionally competent assistance." Strickland, 466
U.S. at 690; Rosales v. State, 841 S.W.2d 368, 376 (Tex. Crim. App. 1992). Counsel "has a
duty to make reasonable investigations or to make a reasonable decision that makes particular
investigations unnecessary." Strickland, 466 U.S. at 690-91. Trial counsel's explanations -- that
complainant's statements from the parole hearing were cumulative and using the tape from the
hearing itself posed the risk that the jury would find out about appellant's prior conviction -- were
reasonable under Strickland. We must presume that trial counsel, who was better positioned than
this Court to pragmatically judge the case, "made all significant decisions in the exercise of
reasonable professional judgment." Id. at 690; Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim.
App. 1992). The record in this case does not provide a sufficient basis to overcome the
presumption that trial counsel made a reasonable decision in deciding not to obtain and use a tape
from the parole hearing. We overrule appellant's first two points of error.

 For similar reasons, we overrule appellant's third point of error and hold that trial
counsel was not ineffective for failing to locate and subpoena the potential witness, Janette
Walker. At the hearing on the motion for new trial, Walker testified that complainant introduced
her to appellant and that complainant told her that she thought appellant "wanted more than
friendship." Appellant focuses less on the potential effect of Walker's testimony (2) and more on
trial counsel's failure even to locate Walker. Again, as with the tape of the parole hearing, trial
counsel does not have a duty to investigate fully all potential witnesses, but does have a duty to
make reasonable decisions about whether to investigate. Strickland, 466 U.S. at 690-91. Failure
to investigate a potential witness is only ineffective "where the consequence is that the only viable
defense available to the accused is not advanced." Ex parte Duffy, 607 S.W.2d 507, 517 (Tex.
Crim. App. 1980). Trial counsel called three witnesses who testified that appellant and
complainant had a prior relationship, which served to impeach complainant's testimony at trial
that she had very little contact with appellant prior to the incident. The effect of Walker's
testimony would have been cumulative at best, and, under Ex parte Duffy, trial counsel's failure
to contact Janette Walker was therefore not ineffective. We find no evidence to rebut the
presumption that trial counsel used reasonable professional judgment in not locating Walker and
issuing a subpoena to have her testify. We overrule appellant's third point of error.


Enhancement

 In his fourth and fifth points of error, appellant alleges that, at the punishment
phase of the trial, proof of the enhancement for burglary of a habitation was legally and factually
insufficient. The jury was charged by the judge to determine if the enhancement, as alleged in
the indictment, was true. The indictment alleged that appellant had a prior conviction for burglary
of a habitation, a first degree felony. However, the proof offered by the State in the penitentiary
packet indicated that appellant had a prior conviction for burglary of a building, a second degree
felony. Appellant contends that because of this variance between the pleading and the proof, the
evidence is legally and factually insufficient to support the jury's verdict on the enhancement.

 It is not necessary to allege prior convictions for enhancement purposes with the
same particularity that must be used in charging the primary offense. Freda v. State, 704 S.W.2d
41, 42 (Tex. Crim. App. 1986); Cole v. State, 611 S.W.2d 79, 80 (Tex. Crim. App. 1981). The
State does not have to prove appellant was guilty of the earlier offense, only that he was
previously convicted as alleged. The purpose of an enhancement allegation is to give the
defendant notice of the earlier conviction so that he can prepare a defense. Cole, 611 S.W.2d at
82. A variance between the enhancement allegation and the proof at trial is material and fatal only
if the defendant shows surprise or prejudice. Freda, 704 S.W.2d at 42-43. In Freda, the
indictment alleged that the defendant had a prior conviction for bank robbery, but the evidence
proved that he had been convicted of conspiracy to commit bank robbery. Id. at 42. The Court
of Criminal Appeals held that the variance was not fatal or material because the defendant failed
to show surprise or prejudice. Id. at 43.

 In the instant cause, as proof of appellant's earlier conviction, both the enhancement
paragraph in the indictment and the pen packet showed the proper cause number, the date of
conviction, the number and location of the convicting court and the fact that the felony offense
was a burglary. The jury's verdict of true to the enhancement allegation was amply supported by
the evidence presented. Appellant was not surprised by the enhancement allegation because he
testified in the punishment phase of the trial that he was aware of both his prior conviction and
the mistake in the indictment. The presence of substantially correct details within the
enhancement paragraph indicates that the variance is neither fatal nor material. Appellant, like
the defendant in Freda, has not shown harm. We overrule appellant's fourth and fifth points of
error and affirm the judgment of conviction.



 

 Mack Kidd, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed

Filed: March 20, 1996

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   The indictment alleged one count of burglary with intent to commit sexual assault and
one count of sexual assault. At trial, the prosecution asked the jury in closing argument to
convict appellant only of burglary with intent to commit sexual assault.
2.   Indeed, Walker's statement that appellant "wanted more than friendship" is arguably
damaging to appellant's defense.


under Ex parte Duffy, trial counsel's failure
to contact Janette Walker was therefore not ineffective. We find no evidence to rebut the
presumption that trial counsel used reasonable professional judgment in not locating Walker and
issuing a subpoena to have her testify. We overrule appellant's third point of error.


Enhancement

 In his fourth and fifth points of error, appellant alleges that, at the punishment
phase of the trial, proof of the enhancement for burglary of a habitation was legally and factually
insufficient. The jury was charged by the judge to determine if the enhancement, as alleged in
the indictment, was true. The indictment alleged that appellant had a prior conviction for burglary
of a habitation, a first degree felony. However, the proof offered by the State in the penitentiary
packet indicated that appellant had a prior conviction for burglary of a building, a second degree
felony. Appellant contends that because of this variance between the pleading and the proof, the
evidence is legally and factually insufficient to support the jury's verdict on the enhancement.

 It is not necessary to allege prior convictions for enhancement purposes with the
same particularity that must be used in charging the primary offense. Freda v. State, 704 S.W.2d
41, 42 (Tex. Crim. App. 1986); Cole v. State, 611 S.W.2d 79, 80 (Tex. Crim. App. 1981). The
State does not have to prove appellant was guilty of the earlier offense, only that he was
previously convicted as alleged. The purpose of an enhancement allegation is to give the
defendant notice of the earlier conviction so that he can prepare a defense. Cole, 611 S.W.2d at
82. A variance between the enhancement allegation and the proof at trial is material and fatal only
if the defendant shows surprise or prejudice. Freda, 704 S.W.2d at 42-43. In Freda, the
indictment alleged that the defendant had a prior conviction for bank robbery, but the evidence
proved that he had been convicted of conspiracy to commit bank robbery. Id. at 42. The Court
of Criminal Appeals held that the variance was not fatal or material because the defendant failed
to show surprise or prejudice. Id. at 43.

 In the instant cause, as proof of appellant's earlier conviction, both the enhancement
paragraph in the indictment and the pen packet showed the proper cause number, the date of
conviction, the number and location of the convicting court and the fact that the felony offense
was a burglary. The jury's verdict of true to the enhancement allegation was amply supported by
the evidence presented. Appellant was not surprised by the enhancement allegation because he
testified in the punishment phase of the trial that he was aware of both his prior conviction and
the mistake in the indictment. The presence of substantially correct details within the
enhancement paragraph indicates that the variance is neither fatal nor material. Appellant, like
the defendant in Freda, has not shown harm. We overrule appellant's fourth and fifth points of
error and affirm the judgment of conviction.



 

 Mack Kidd, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed