NO. 07-00-0018-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 2, 2000

______________________________

HOLLIS DUBOIS GOULD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;

NO. F99-72027-VK; HONORABLE JOHN CREUZOT, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ. 

Upon a plea of not guilty and after waiving his right to a jury trial, appellant Hollis Dubois Gould was convicted of the third degree felony of violating a protective order, enhanced, and sentenced to fifteen years confinement.  By three points of error, appellant challenges the legal and factual sufficiency of the evidence and contends there is a fatal variance between the allegations contained in the enhancement paragraph of the indictment and the proof at trial.  Based upon the rationale expressed herein, we affirm.

On February 23, 1999, appellant’s estranged wife, Vanessa Gould Sims, obtained a protective order against appellant due to his physical abuse and drug use.  This protective order was signed by appellant and specifically provided that appellant was not to communicate with Vanessa in a threatening or harassing manner.  On March 17, 1999, appellant was convicted of violating a protective order and was sentenced to two 210-day terms in the Dallas County Jail.  In the morning hours of July 31, 1999, while still incarcerated, appellant made approximately 25 collect telephone calls to Vanessa at her mother’s house.  Vanessa never accepted the collect calls.  However, during the ten seconds or so it would take for the person who answered the phone to accept or decline the call, appellant would say “you better answer that phone.”  This repeated itself for almost two hours even though Vanessa and her mother had “inmate block” on their phone line which would block the calls from the county jail facility.  Vanessa and her mother contacted the jail facility and called the 800 number used for the “inmate block” to try and prevent appellant from calling but the calls continued.  Eventually, Vanessa contacted the police at which point in time the calls from appellant ceased.

By his first two points of error, appellant contends the evidence was legally and factually insufficient to establish all elements of the offense for which he was convicted.  We disagree.   

 When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon 2000); Tex. Pen. Code Ann. § 2. 01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560, 573 (1979); King v. State, 895 S.W.2d 701, 703 (Tex.Cr.App. 1995).  The legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge that is authorized by the indictment.  Malik v. State, 953 S.W.2d 234, 239 (Tex.Cr.App. 1997).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the factfinder’s verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

After conducting a legal sufficiency review under Jackson, we may proceed with a factual sufficiency review.  
Clewis
, 922 S.W.2d at 133.  In reviewing the factual sufficiency of the evidence, we review all the evidence impartially, comparing the evidence which tends to prove the existence of an elemental fact in dispute to the evidence which tends to disprove that fact, and determine whether the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust.  
Id.
 at 129; Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).  

Before determining whether the evidence is legally sufficient to sustain the conviction, we first review the essential elements the State was required to prove.  A person commits the offense of violating a protective order if, in violation of an order, that person communicates directly with a protected individual or a member of the family or household in a threatening or harassing manner.  Tex. Pen. Code Ann. § 25.07 (a)(2) (Vernon Supp. 2000).  The protective order here specifically prohibited appellant from communicating directly with Vanessa in a threatening or harassing manner.  A person threatens another when he declares an intent or determination to inflict injury or loss or indicates probable evil, violence, or loss to come.  
See
 Webster’s Encyclopedic Unabridged Dictionary 1478 (1989).  A person harasses another when he persistently disturbs, bothers continually, or pesters that person.  
See
 Webster’s Encyclopedic Unabridged Dictionary 645 (1989).  Here, appellant called collect approximately 25 times over an approximate two hour period of time and a rational trier of fact could have found that he harassed Vanessa and her family.  As such, the evidence is legally and factually sufficient, and his first two points of error are overruled.

By his third point of error, appellant contends there is a fatal variance between the allegations contained in the enhancement paragraph of the indictment and the proof presented at trial.  Specifically, appellant contends that his prior conviction for burglary of a habitation occurred in 1994 and not on July 6, 1999, as alleged in the indictment.
(footnote: 1)  

Under Texas law, the State must prove beyond a reasonable doubt its enhancement case as alleged in the charging instrument.  
See
 Williams v. State, 899 S.W.2d 13, 14 (Tex.App.--San Antonio 1995, no pet.).  Nevertheless, because the purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied upon by the State, it is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense.  Freda v. State, 704 S.W.2d 41, 42 (Tex.Cr.App. 1986).  This standard for enhancement allegations has given rise to the doctrine of variance.  
See id.
  The inquiry under the doctrine of variance is whether a "variance was such as to mislead the defendant to his prejudice."  
Id.
  Thus, absent proof of prejudicial surprise, a variance between the allegations in an indictment and the proof presented at trial is not material and does not require reversal.  
See id.
 at 42-43.

Here, the indictment showed that appellant was convicted of burglary of a habitation in cause number F94-23177-W in the 363
rd
 Judicial District Court of Dallas County, Texas.  And the judgment entered into evidence for purposes of enhancement also shows the correct cause number, court and county in which appellant was convicted.  While the date in the enhancement paragraph of the indictment is incorrect, it cannot be said that appellant was prejudicially surprised by the introduction of this conviction for enhancement purposes.  
See
 Harrell v. State, 832 S.W.2d 154, 157 (Tex.App.--Houston [14
th
 Dist.] 1992, rev’d on other grounds, 852 S.W.2d 521 (Tex.Cr.App. 1993).  Appellant’s third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1: Appellant was convicted of the offense of retaliation on July 6, 1999.