

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-267-CR

BILLY BOB SMITH                                                APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Billy Bob Smith pleaded guilty to the offense of possession of less than one gram of methamphetamine and not true to two felony enhancements alleged in the indictment. The jury found Appellant guilty, found the enhancement allegations to be true, and assessed punishment of twenty years' confinement and a $10,000 fine. The trial court sentenced

---

[1] *See* TEX. R. APP. P. 47.4.

Appellant accordingly. In two points on appeal, Appellant argues that (1) there is no evidence to support the jury's findings on the enhancement allegations because the dates of the prior convictions alleged in the indictment did not match the dates of the convictions proved by the State at trial and recited in the jury charge and (2) the trial court erred by overruling Appellant's hearsay objections to the pen packets offered by the State to prove the prior convictions. We affirm.

## Variance Between Dates of Enhancement Convictions as Alleged and as Proved

The indictment's enhancement paragraph alleged nine separate prior convictions. After voir dire, the State abandoned all but two of the prior-conviction allegations and moved the court to amend the indictment because the dates of the convictions as alleged by the indictment did not match the dates of the convictions as reflected in the State's evidence. Specifically, the indictment alleged a March 9, 1989 conviction for forgery and a November 15, 1990 conviction for burglary. The State's evidence reflected a March 10, 1989 conviction for forgery and an October 29, 1990 conviction for burglary. The State asserted that Appellant would not be harmed by the amendment because the State had tendered copies of the judgments of conviction to Appellant's counsel some forty days before trial. But because the trial had already begun

2

and Appellant objected to the amendment, the trial court denied the State's motion.

The abstract and application paragraphs of the jury charge recited March 10, 1989, and October 29, 1990—the correct dates—as the dates of the enhancement convictions. Appellant objected to the variance between the indictment and the charge, but the trial court overruled his objection.

Appellant argues that the variance between the indictment and the evidence renders the evidence legally insufficient to support the jury's verdict of "true" and deprived him of his due-process right to pretrial notice of the enhancement convictions.

Prior convictions used as enhancements must be pleaded in some form, but they need not be pleaded in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question of whether he is the convict named in the judgment. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)).

It is not necessary to allege prior convictions for the purpose of enhancement with the same particularity that must be used in charging on the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986).

3

Variances between an enhancement allegation and the proof in regard to cause numbers, courts, and dates of conviction have all been held to be immaterial. *See id.* at 42–43 (collecting cases); *Thompson v. State,* 563 S.W.2d 247, 251 (Tex. Crim. App. 1978) (holding two-day variance between date of prior conviction as alleged in indictment and as proved by evidence was immaterial). Moreover, neither the indictment nor the charge must allege or recite the dates of conviction as long as the allegations are specific enough to apprise the defendant of the conviction being used against him and as long as the proof at the trial shows the necessary succession of offenses and final convictions. *Hernandez v. State*, 530 S.W.2d 563, 568 (Tex. Crim. App. 1975).

In this case, because the State was not required to allege the dates of the prior, punishment-enhancing convictions in the indictment, the erroneous dates alleged in the indictment are immaterial. Moreover, Appellant had actual pretrial notice of the convictions the State intended to use, including the true dates of the convictions. The allegations in the indictment, combined with copies of the judgments intended to be used to prove up the convictions, were specific enough to apprise Appellant of the convictions being used against him. We therefore overrule the due process part of his first point.

With regard to the legal sufficiency of the evidence to support the jury's finding on the prior convictions, the dates recited in the jury charge were the

4

same dates reflected in the State's evidence. Thus, viewed in the light most favorable to the prosecution, the evidence is legally sufficient to support the jury's finding that Appellant had previously been finally convicted of two felonies and that the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (setting out legal sufficiency standard of review); TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2007) (setting out proof requirements for enhancement of a state-jail felony). We therefore overrule the remainder of Appellant's first point.

**Admissibility of Pen Packets**

In his second point, Appellant argues that the trial court erred by overruling his hearsay objection to the pen packets offered by the State to prove his prior convictions because they contained "no raised seal, no different colored seal . . . and no original signature . . . ." We review a trial court's evidentiary rulings for an abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).

State's exhibit 2 is the pen packet reflecting Appellant's 1989 forgery conviction. Exhibit 3 is the pen packet reflecting his 1990 burglary conviction. Exhibits 4 and 5 are pen packets reflecting other convictions for forgery and possession of a controlled substance. The first page of each exhibit is what

5

appears to be a computer-generated affidavit of Larry LeFlore, the chairman of the Bureau of Classification and Records for the Texas Department of Criminal Justice—Correctional Institutions Division. Each affidavit recites that LeFlore is personally acquainted with the facts therein stated and certifies that the attached documents are true and correct copies of original records on file in his office maintained in the regular course of business within the Bureau of Classification and Records. Each affidavit bears a seal—illegible on the copies in the reporter's record—and what appears to be a rubber-stamped, photocopied, or computer-printed facsimile of LeFlore's signature; the signature is identical on all four exhibits.

Rule of evidence 803(8) creates a an exception to the hearsay rule for public records and reports. TEX. R. EVID. 803(8). Likewise, rule 803(22) creates an exception for judgments of previous convictions. TEX. R. EVID. 803(22). Thus, to the extent that Appellant's complaint at trial and on appeal is that the pen packets are hearsay, we hold that the trial court did not abuse its discretion by overruling his hearsay objection.

To the extent that Appellant argues that the pen packets are not properly authenticated under rule 901 and thus inadmissible because they lack a raised seal and the original signature of the attesting witness, we note that rule 901(1) does not require a raised or colored seal. *See* TEX. R. EVID. 901(1).

6

Moreover, the court of criminal appeals long ago rejected the argument that a facsimile signature stamp on a pen packet renders the attestation defective and the packet inadmissible. *Brooks v. State*, 599 S.W.2d 312, 323 (Tex. Crim. App. 1979), *cert. denied*, 453 U.S. 913 (1981). We therefore overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL F:   GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: April 17, 2008