COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-267-CR

 

 

BILLY BOB SMITH                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 235TH DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Billy Bob Smith
pleaded guilty to the offense of possession of less than one gram of
methamphetamine and not true to two felony enhancements alleged in the
indictment.  The jury found Appellant
guilty,  found the enhancement
allegations to be true, and assessed punishment of twenty years= confinement and a $10,000 fine. 
The trial court sentenced Appellant accordingly.  In two points on appeal, Appellant argues
that (1) there is no evidence to support the jury=s findings on the enhancement allegations because the dates of the
prior convictions alleged in the indictment did not match the dates of the
convictions proved by the State at trial and recited in the jury charge and (2)
the trial court erred by overruling Appellant=s hearsay objections to the pen packets offered by the State to prove
the prior convictions.  We affirm.

                         Variance
Between Dates of Enhancement

                           Convictions as
Alleged and as Proved








The indictment=s enhancement paragraph alleged nine separate prior convictions.  After voir dire, the State abandoned all but
two of the prior-conviction allegations and moved the court to amend the
indictment because the dates of the convictions as alleged by the indictment
did not match the dates of the convictions as reflected in the State=s evidence.  Specifically, the
indictment alleged a March 9, 1989 conviction for forgery and a November 15,
1990 conviction for burglary.  The State=s evidence reflected a March 10, 1989 conviction for forgery and an
October 29, 1990 conviction for burglary. 
The State asserted that Appellant would not be harmed by the amendment
because the State had tendered copies of the judgments of conviction to Appellant=s counsel some forty days before trial.  But because the trial had already begun and
Appellant objected to the amendment, the trial court denied the State=s motion. 

The abstract and application
paragraphs of the jury charge recited March 10, 1989, and October 29, 1990Cthe correct datesCas the dates of the enhancement convictions.  Appellant objected to the variance between
the indictment and the charge, but the trial court overruled his objection. 

Appellant argues that the
variance between the indictment and the evidence renders the evidence legally
insufficient to support the jury=s verdict  of Atrue@ and
deprived him of his due-process right to pretrial notice of the enhancement
convictions. 

Prior convictions used as
enhancements must be pleaded in some form, but they need not be pleaded in the
indictment.  Brooks v. State, 957
S.W.2d 30, 34 (Tex. Crim. App. 1997). 
The accused is entitled to a description of the judgment of former
conviction that will enable him to find the record and make preparation for a
trial of the question of whether he is the convict named in the judgment.  Villescas v. State, 189 S.W.3d 290,
293 (Tex. Crim. App. 2006) (quoting Hollins v. State, 571 S.W.2d 873,
875 (Tex. Crim. App. 1978)).








It is not necessary to allege
prior convictions for the purpose of enhancement with the same particularity
that must be used in charging on the primary offense.  Freda v. State, 704 S.W.2d 41, 42 (Tex.
Crim. App. 1986).  Variances between an
enhancement allegation and the proof in regard to cause numbers, courts, and
dates of conviction have all been held to be immaterial. See id. at 42B43 (collecting cases); Thompson v. State, 563 S.W.2d 247, 251
(Tex. Crim. App. 1978) (holding two-day variance between date of prior
conviction as alleged in indictment and as proved by evidence was
immaterial).  Moreover, neither the
indictment nor the charge must allege or recite the dates of conviction as long
as the allegations are specific enough to apprise the defendant of the
conviction being used against him and as long as the proof at the trial shows
the necessary succession of offenses and final convictions.  Hernandez v. State, 530 S.W.2d 563,
568 (Tex. Crim. App. 1975). 

In this case, because the
State was not required to allege the dates of the prior, punishment-enhancing
convictions in the indictment, the erroneous dates alleged in the indictment
are immaterial.  Moreover, Appellant had
actual pretrial notice of the convictions the State intended to use, including
the true dates of the convictions.  The
allegations in the indictment, combined with copies of the judgments intended
to be used to prove up the convictions, were specific enough to apprise
Appellant of the convictions being used against him.  We therefore overrule the due process part of
his first point.








With regard to the legal
sufficiency of the evidence to support the jury=s finding on the prior convictions, the dates recited in the jury
charge were the same dates reflected in the State=s evidence.  Thus, viewed in the
light most favorable to the prosecution, the evidence is legally sufficient to
support the jury=s finding
that Appellant had previously been finally convicted of two felonies and that
the second previous felony conviction was for an offense that occurred
subsequent to the first previous conviction having become final.  See 
 Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007) (setting out legal sufficiency standard
of review); Tex. Penal Code Ann. ' 12.42(a)(2)
(Vernon Supp. 2007) (setting out proof requirements for enhancement of a
state-jail felony).  We therefore
overrule the remainder of Appellant=s first point.

                                  Admissibility of Pen Packets

In his second point,
Appellant argues that the trial court erred by overruling his hearsay objection
to the pen packets offered by the State to prove his prior convictions because
they contained Ano raised
seal, no different colored seal . . . and no original signature . . . .@  We review a trial court=s evidentiary rulings for an abuse of discretion.  Sauceda v. State, 129 S.W.3d 116, 120
(Tex. Crim. App. 2004).








State=s exhibit 2 is the pen packet reflecting
Appellant=s 1989 forgery conviction.  Exhibit 3 is the pen packet reflecting his
1990 burglary conviction.  Exhibits 4 and
5 are pen packets reflecting other convictions for forgery and possession of a
controlled substance.  The first page of
each exhibit is what appears to be a computer-generated affidavit of Larry
LeFlore, the chairman of the Bureau of Classification and Records for the Texas
Department of Criminal JusticeCCorrectional
Institutions Division.  Each affidavit
recites that LeFlore is personally acquainted with the facts therein stated and
certifies that the attached documents are true and correct copies of original
records on file in his office maintained in the regular course of business
within the Bureau of Classification and Records.  Each affidavit bears a sealCillegible on the
copies in the reporter=s recordCand what appears
to be a rubber-stamped, photocopied, or computer-printed facsimile of LeFlore=s signature; the
signature is identical on all four exhibits.

Rule of evidence 803(8) creates a an exception to the
hearsay rule for public records and reports. 
Tex. R. Evid. 803(8).  Likewise, rule 803(22) creates an exception
for judgments of previous convictions.  Tex. R. Evid. 803(22).  Thus, to the extent that Appellant=s complaint at
trial and on appeal is that the pen packets are hearsay, we hold that the trial
court did not abuse its discretion by overruling his hearsay objection.








To the extent that Appellant argues that the pen packets
are not properly authenticated under rule 901 and thus inadmissible because
they lack a raised seal and the original signature of the attesting witness, we
note that rule 901(1) does not require a raised or colored seal.  See Tex.
R. Evid. 901(1).  Moreover, the
court of criminal appeals long ago rejected the argument that a facsimile
signature stamp on a pen packet renders the attestation defective and the
packet inadmissible.  Brooks v. State,
599 S.W.2d 312, 323 (Tex. Crim. App. 1979), cert. denied, 453 U.S. 913
(1981).  We therefore overrule Appellant=s second point.

                                                      Conclusion

Having overruled both of Appellant=s points, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 17, 2008











[1]See Tex. R. App. P. 47.4.