

IN THE
TENTH COURT OF APPEALS

No. 10-11-00278-CR

LARRY LYNN CARSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-901-C1

MEMORANDUM OPINION

Larry Lynn Carson pleaded guilty without the benefit of a plea bargain agreement to the offense of possession of a controlled substance. A jury was empaneled for punishment and assessed punishment at twenty years confinement. We affirm.

### Enhancement

In the first issue, Carson argues that it was error for the trial court to enhance the punishment range from a second degree felony to a first degree felony because he entered a plea of true to a lesser included offense contained within the State's notice of

enhancement and that the evidence at trial did not support the enhancement allegation. The State provided Carson with notice of intent to enhance the punishment range. The notice stated that:

> On or about August 1, 2005, the Defendant was convicted of the offense of Manufacture/Delivery of a Controlled Substance in Cause Number 04181K368, in the 368th Judicial District Court of Williamson County, Texas.

At the hearing, the trial court read the enhancement allegation as stated in the notice. Carson informed the trial court that he was convicted of possession of a controlled substance. The trial court stated "it might have been originally charged as [manufacture/delivery], but the actual conviction was for possession. You may plead true or not true to **that** allegation." (emphasis added) Carson entered a plea of true. The judgment in Cause Number 04-181-K368 reflects that Carson entered a plea of guilty to the lesser included offense of possession of a controlled substance.

Carson argues that there is a fatal variance between the notice provided and the evidence presented at the hearing. He contends that his variance claim should be considered a challenge to the sufficiency of the evidence per *Jackson v. Virginia*, 443 U.S. 307 (1979).

Prior convictions alleged for enhancement are not required to be pleaded with the same particularity as the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). A variance between an allegation in an enhancement paragraph and the proof introduced at trial is material only if it would mislead a defendant to his prejudice. *Freda v. State*, 704 S.W.2d at 42.

The notice provided Carson with the correct trial court cause number, date, and county. At the hearing, Carson himself acknowledged that he had a felony conviction in that cause number. He pointed out to the trial court that the conviction was for a lesser included offense. The trial court noted that the conviction was for possession of a controlled substance, and Carson pleaded true to that allegation. Carson has not shown that he was misled or surprised by the enhancement allegations. *See Cole v. State*, 611 S.W.2d 79, 82 (Tex. Crim. App. 1981). We find that any variance between the notice provided and the evidence at the hearing was not material. We overrule Carson's first issue.

## Ineffective Assistance

In his second issue, Carson argues that he received ineffective assistance of counsel. To determine if trial counsel rendered ineffective assistance, we must first determine whether Carson has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Carson must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Carson specifically argues that his trial counsel was ineffective in failing to file a request for notice of prior bad acts and in allowing him to enter a plea of true to the enhancement allegations when there was no proof to support the allegation. The record shows that on June 9, 2011, the State filed a "Notice of Intent to Use" pursuant to Rules 404 and 409 of the Texas Rules of Evidence and Article 37.07 of the Code of Criminal Procedure. The notice detailed thirteen prior bad acts committed by Carson, and the certificate of service states that it was delivered to his trial counsel. Because trial counsel received notice from the State, Carson has not shown that he was ineffective in failing to request such notice.

At the hearing and after some clarification, Carson entered a plea of true to the enhancement allegation for the felony offense of possession of a controlled substance. Carson's statement at the hearing indicated that he was not surprised by the allegation and that he was prepared to enter a plea of true to the allegation. Carson has not shown that his trial counsel was ineffective in allowing him to plead true to the enhancement allegation. We overrule Carson's second issue.

**Guilty Plea**

In the third issue, Carson complains that the trial court failed to give the admonishments in accordance with Article 26.13 of the Code of Criminal Procedure prior to accepting his plea of guilty. The trial court asked Carson if he understood the charges against him. Carson responded affirmatively and waived the reading of the indictment. The trial court then asked Carson how he wished to plead, and Carson entered a plea of guilty. The trial court later stated, "This is the first time the Court has

heard that you intended to plead guilty in this matter."  The trial court then asked Carson if he is pleading guilty because of any promises or threats, if he is an American citizen, and if he is pleading guilty because he committed the offense.  The trial court also informed Carson of the punishment range for the offense.

In admonishing the defendant, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.  TEX. CODE CRIM. PRO. ANN. art. 26.13 (c) (West Supp. 2011).  There was no plea bargain agreement, and Carson elected to have a jury assess punishment.  Therefore admonishments on punishment recommendations were not relevant.  There is nothing in the record to indicate Carson was not mentally competent.  The record shows that the trial court substantially complied with the admonishments in Article 26.13.  Carson has not shown that he was harmed or misled by the admonishments of the court.  We overrule Carson's third issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirm
Opinion delivered and filed January 4, 2012
Do not publish
[CR25]