

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00200-CR

_____

VICTOR LEE ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0113X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After Victor Lee Anderson entered a plea of guilty before an empaneled jury, he was convicted of using a motor vehicle to evade arrest or detention.[1] At the ensuing bench trial to determine punishment, the State proved that Anderson had previously been convicted of two felony offenses, and Anderson was sentenced to twenty-five years' imprisonment. On appeal, Anderson argues that the State's proof fatally varied "from the allegations in the charging indictment." While the State's proof of a prior robbery conviction instead of an aggravated robbery conviction, as alleged in the indictment, was a variance, we find it was not material and, thus, affirm the trial court's judgment.

The State's enhancement paragraph alleged that "on the 20th day of August 1985, in cause number 3559 in the 71st Judicial District Court of Harrison County, Texas, the defendant was finally convicted of the felony offense of Aggravated Robbery." During the punishment phase, admitted into evidence was a judgment of conviction for aggravated robbery entered August 20, 1985, by the 71st Judicial District Court of Harrison County in Cause No. 3559. Anderson objects that the exhibit was misleading because a judgment nunc pro tunc, entered in the same cause, clarified that Anderson had been convicted of robbery, not aggravated robbery.

---

[1]*See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2012) (Evading Arrest or Detention). The Texas Legislature passed two amendments to Section 38.04 of the Texas Penal Code within a few days of each other, and both amendments became effective September 1, 2011. Both, according to their terms, are currently in effect. Under Section 38.04(b)(1)(B), as set out by the first amendment, evading arrest with a motor vehicle is a state jail felony. *See* Acts of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046 (West) (current version at TEX. PENAL CODE § 38.04). Under Section 38.04(b)(2)(A), as set out by the second amendment, the same act is classified as a third degree felony. *See* Acts of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321 (West). No issue regarding these two amendments has been raised in this case.

The judgment nunc pro tunc, modifying only the title of the offense, was also introduced into evidence.

Anderson argued to the court that there was "an issue with a variance in the pleadings and the proof" because Anderson had not been convicted of aggravated robbery as alleged in the indictment. "It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). The purpose of the enhancement allegation is to give the defendant notice of the earlier conviction so that he can prepare a defense. *Cole v. State*, 611 S.W.2d 79, 82 (Tex. Crim. App. [Panel Op.] 1981). Where a variance is shown in the punishment-enhancement portion of an indictment, the accused is required to show that the variance resulted in surprise to his or her prejudice. *Freda*, 704 S.W.2d at 43; *Hall v. State*, 619 S.W.2d 156, 157 (Tex. Crim. App. [Panel Op.] 1980); *Reese v. State*, 905 S.W.2d 631, 635 (Tex. App.—Texarkana 1995, pet. ref'd, untimely filed). A variance that is not prejudicial to a defendant's substantial rights is immaterial. *Williams v. State*, 356 S.W.3d 508, 516 (Tex. App.—Texarkana 2011, pet. ref'd).

In *Freda*, the Texas Court of Criminal Appeals held that a variance "between the name of the prior offense alleged (Bank Robbery) and the name of the prior offense proved (Conspiracy to Commit Bank Robbery)" was not a "fatal and material" variance since "appellant has not shown any evidence that this variance in any way surprised him to his prejudice." *Freda*, 704 S.W.2d at 43.

3

Here, the enhancement allegation correctly listed the cause number, date of conviction, court of conviction, and the fact that the offense was a felony. Anderson's brief claims that the materiality of the variance is shown by counsel "voicing surprise at the State's belated efforts to obscure if not correct its pleading mistake." Counsel was, however, aware of the judgment nunc pro tunc, which was introduced into evidence. There is no evidence in the record that the variance prevented Anderson from identifying the conviction and preparing a defense or that it would subject him to the risk of being prosecuted later for the same crime. *See Gollihar v. State*, 46 S.W.3d 243, 247 n.6 (Tex. Crim. App. 2001). As was found in *Freda*, we find the variance here, between the offense alleged and the offense proved for purposes of enhancement, immaterial. *Freda*, 704 S.W.2d at 43; *see Barrett v. State*, 900 S.W.2d 748, 752 (Tex. App.—Tyler 1995, pet. ref'd) ("The only variance was in the name of the prior offense . . . . [T]he presence of substantially correct details within the enhancement paragraph, along with evidence establishing that Appellant had not been surprised or misled by the allegations, shows that the variance was neither fatal nor material."); *York v. State*, 764 S.W.2d 328, 332 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 27, 2013
Date Decided:       June 28, 2013

Do Not Publish

4