Opinion filed October 8, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00360-CR

_____

### RUDY ALVARADO GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR41780**

## MEMORANDUM OPINION

The trial court found Rudy Alvarado Garcia guilty of felony driving while intoxicated and assessed his punishment at confinement for forty years. Appellant raises three points of error for review. We affirm.

At approximately 1:00 a.m. on the date of the offense, City of Midland Police Officer Bradley Barnes saw Appellant as he drove his vehicle on the center stripe of

two lanes of traffic. Officer Barnes turned on his overhead lights and stopped Appellant. After Appellant stopped his vehicle, he got out. When Officer Barnes approached Appellant, he smelled alcohol on Appellant's breath. Officer Barnes testified that Appellant used the vehicle for balance and that Appellant had "a bit of a slur" when he spoke. Appellant admitted that he had consumed alcohol that night, and he refused to perform any field sobriety tests. Officer Barnes arrested Appellant for driving while intoxicated.

Appellant repeatedly asked Officer Barnes to charge him with public intoxication rather than driving while intoxicated. Officer Barnes took Appellant to Midland Memorial Hospital so that blood could be drawn and analyzed to determine Appellant's blood alcohol content.

Misty Coates, a nurse at Midland Memorial Hospital, drew Appellant's blood and returned the sealed vials of Appellant's blood to Officer Barnes. Officer Barnes took the blood samples to the police department evidence room, where the evidence was stored in a climate-controlled container. Marissa Silva, a chemist with the Texas Department of Public Safety Laboratories in Midland, analyzed Appellant's blood and found that Appellant's blood alcohol content was 0.205.

Appellant elected to have a bench trial. At trial, the State called three witnesses: Officer Barnes, Coates, and Silva. After the State rested, the defense also rested. The defense neither gave an opening statement nor presented any evidence.

The trial court found Appellant guilty. During the punishment phase of the trial, the State presented evidence of three prior convictions for enhancement purposes: two previous DWI convictions and a sexual-assault-of-a-child conviction. Appellant's counsel did not object to the admissibility of the prior DWI convictions. However, Appellant's counsel argued that the State did not prove that the sexual-assault enhancement was true because there was an inconsistency between the date

of conviction shown in the judgment and the date alleged in the enhancement paragraph in the State's notice of enhancement.

In three points of error, Appellant argues that his counsel provided ineffective assistance, that his due process rights were violated, and that the State made improper remarks in its closing arguments.

In Appellant's first point of error, he argues that his trial counsel provided ineffective assistance. The State points out that, under Texas Rule of Appellate Procedure 38.1, Appellant has waived this issue on appeal. Rule 38.1 provides, "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The State argues that Appellant merely offered conclusory statements and failed to cite authority for his argument. We agree.

However, even if Appellant did not waive this argument under Rule 38.1, we still do not find that his trial counsel provided ineffective assistance. In order to determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 681 (1984); *Hernandez v. State*, 988 S.W.2d 770, 770–71 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 506–09 (Tex. Crim. App. 1991). Appellant is not entitled to perfect or error-free counsel. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App.

1992). Isolated instances of errors do not render counsel's performance ineffective; ineffective assistance of counsel cannot be established by isolating one portion of trial counsel's performance for examination. *Id.*

We begin our analysis of Appellant's ineffective-assistance-of-counsel claim with his argument that his attorney's failure to give a closing argument at the guilt/innocence stage of Appellant's trial constituted ineffective assistance of counsel. Appellant's counsel used his closing argument time to briefly state that the court heard the evidence and that he relied on the court's judgment. Appellant argues that this amounted to no closing argument at all. Several courts have analyzed the necessity that trial counsel give an opening statement and make a closing argument. *See, e.g.*, *Perkins v. State*, No. 11-05-00088-CR, 2007 WL 178234, at \*2 (Tex. App.—Eastland Jan. 25, 2007, no pet.) (not designated for publication); *Mayfield v. State*, No. 04-02-00635-CR, 2003 WL 22047148, at \*4 (Tex. App.—San Antonio Sept. 3, 2003, pet. ref'd) (mem. op., not designated for publication); *Thomas v. State*, No. 06-01-00021-CR, 2002 WL 171598, at \*16 (Tex. App.—Texarkana Feb. 5, 2002, no pet.) (not designated for publication).

In each of these cases, the courts analyzed whether counsel's failure to make an opening statement or to give a closing argument had a negative effect. *Perkins*, 2007 WL 178234, at \*2; *Mayfield*, 2003 WL 22047148, at \*4; *Thomas*, 2002 WL 171598, at \*16. It is clear from the reading of these cases that the record must "affirmatively" show that the outcome of the case would have been different if counsel had made an opening statement or closing argument. *Perkins*, 2007 WL 178234, at \*2; *Mayfield*, 2003 WL 22047148, at \*4; *Thomas*, 2002 WL 171598, at \*16. Because Appellant failed to affirmatively show, and the record does not reflect, how his trial counsel's failure to give a closing argument affected the outcome of

4

this case, we cannot say that his counsel provided ineffective assistance. We overrule Appellant's first point of error.

In Appellant's second point of error, he argues that the trial court violated his right to due process when it admitted evidence of a previous conviction for sexual assault of a child. A defendant is entitled to notice of a prior conviction that the State intends to use for enhancement. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). Although proper notice must be timely, it is not necessary to plead it in the indictment so long as the State gives notice "in some form" prior to trial. *Id.* at 34. It is unnecessary to allege prior convictions for enhancement of punishment with the same particularity that is required in charging the primary offense. *See Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986). As the State argues, Appellant's argument is vague and references "certain documents" that prejudiced his case. Appellant did not provide any specific arguments or authority for his contention. Consequently, we agree with the State that Appellant has waived the issue on appeal. *See* TEX. R. APP. P. 38.1(i). And, even if he did not waive the issue, we hold that the notice provided by the State as to enhancement allegations was sufficient and that the trial court did not violate Appellant's due process rights when it admitted evidence of the prior conviction. We overrule Appellant's second point of error.

Finally, Appellant argues that the State made improper remarks in its closing argument. Closing arguments should be limited to four categories of information: (1) a summary of the evidence, (2) reasonable deductions from the evidence admitted, (3) response to arguments made by opposing counsel, and (4) a plea for law enforcement. *Cantu v. State*, 842 S.W.2d 667, 690 (Tex. Crim. App. 1992). Appellant's counsel did not object to any remarks made by the State throughout the State's closing arguments and does not present a fundamental error argument to this

court.  Because Appellant did not object to the statements made by the State at trial, he has waived this argument for appellate review.  *See* TEX. R. APP. P. 33.1.  We overrule Appellant's third point of error.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


October 8, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.