COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
 JOHNNY MARTINEZ,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00311-CR
  
 Appeal from the
  
 16th
 District Court 
  
 of Denton
 County, Texas 
  
 (TC# F-2010-0137-A)
 
  
 
 


                                                                  O
P I N I O N

Johnny Martinez appeals his conviction of
one count of sexual assault of a child, for which he was sentenced to
ninety-nine (99) years’ confinement.  In
three issues, Appellant argues:  (1) the
trial court erred in allowing the State to revise the enhancement paragraphs;
(2) the evidence was legally insufficient to prove that Appellant committed the
offense in Denton County, Texas; and (3) the jury charge permitted a less-than unanimous
verdict, resulting in egregious harm. 
For the reasons that follow, we affirm.[1]

PROCEDURAL
BACKGROUND

            Appellant
was indicted on one count of sexual assault of a child in violation of Tex.Penal Code Ann. § 22.011.  The indictment included two enhancement
paragraphs, each pertaining to a conviction for a felony offense of burglary of
a habitation.  Appellant entered a plea
of not guilty.  A jury found Appellant
guilty of the offense charged.  During
the punishment phase, Appellant pled true to both enhancement paragraphs.  The jury assessed punishment of ninety-nine
years’ confinement in the Institutional Division of the Texas Department of
Criminal Justice.  Judgment was entered
on August 24, 2011, and Appellant timely appealed.

FACTUAL
BACKGROUND

            Appellant first became friends with
J.C. when she was twelve years old.  Because
J.C.’s father was an abusive alcoholic, she ultimately moved in with Appellant
and his family.  Soon afterward, Appellant
made sexual contact with her by caressing her breasts and placing his
fingertips inside the top of her pants.  They
first had sexual intercourse when she was thirteen.  During that time period, they had intercourse
daily and sometimes multiple times each day. 
At this point, the family lived on Sunridge Drive in Dallas County.  In 2004, they moved into a home on Steenson
Drive in Denton County, but J.C. moved back into her father’s apartment in
Carrollton.  Carrollton is spread across
Denton, Dallas and Collin Counties.  In
2005, Appellant moved to a home on Palisades Drive in Denton County.

            On July 29,
2006, J.C. gave birth to a son, Ja.C., that she had carried full term.  Ja.C. was conceived when J.C. was sixteen and
born when she was seventeen.  J.C.
initially testified that she conceived during intercourse at the Steenson
house, but later stated that she believed the child was conceived at the
Palisades home.  J.C. testified that she
and Appellant were having sex once or twice a week at the Steenson house,
various hotels, and her father’s home. 
When she discovered she was pregnant, she moved into the Palisades house
with Appellant and his family.

            In August 2009,
J.C. reported her underage sexual activity to Michelle Grigg, a child abuse
investigator with the Carrollton Police Department.  J.C. told Grigg that she believed her son was
conceived on Halloween night when Appellant’s younger children were out
trick-or-treating.  Grigg obtained DNA
samples from J.C., her son, and following his arrest, Appellant.  Paternity testing established that Appellant is
the child’s father.  Grigg testified that
J.C. recorded a conversation she had with Appellant in which he stated his
belief that the first time he had sex with J.C. was in 2004, although it might
have been in 2003.  J.C. told Grigg that she
and Appellant had sex at a variety of locations in both Dallas and Denton
Counties around the time of conception.  Following
his arrest, Appellant telephoned J.C. from the jail requesting that she tell
the police that she did not want to press charges.  Appellant also kept insisting to J.C. that he
never had sex with her in Denton County before she turned seventeen.  In one recorded jail call, Appellant is heard
asking J.C. to write Appellant’s attorney and say that she and Appellant did
not begin having sexual relations in Denton County until J.C. was seventeen.

            At trial, Appellant
admitted that he had sex with J.C. when he was forty-three years old and she
was sixteen, but he insisted that sexual relations occurred only in Dallas
County.  He denied having intercourse with
J.C. before she was sixteen.  Around the
time of Halloween 2005, their sexual liaisons were always at J.C.’s father’s
apartment or at a hotel in Dallas County, but never at the Palisades home.

The State included two enhancement
paragraphs in the indictment.  The
initial paragraphs read:

And it is further presented in and to said Court that before
the commission of the offense alleged above, on the 14th day of January, 1986,
in cause number 34603, in Bell County, Texas, the defendant was convicted of
the felony offense of Burglary of a Habitation in the 27th District Court;

 

And it is further presented in and to said Court that before
the commission of the offense alleged in the first paragraph above and after
the conviction in cause number 34603 was final, the defendant committed the
felony offense of Burglary of a Habitation and was convicted on the 8th day of
July, 1994, in Bell County, Texas, in cause number 43832, in the 146th Judicial
District Court . . . .

 

            The State
delivered a Notice of State’s Intention to Enhance Punishment Range to defense counsel
on August 17, 2011, which was five days prior to the commencement of the voir
dire, six days before the trial on the merits began, and seven days before the
punishment hearing.  The notice amended
the first enhancement paragraph to reflect a conviction date of May 30, 1986,
and amended the conviction date in the second enhancement paragraph to May 23,
1994.  Counsel objected to the
enhancement paragraphs both before the trial and during the punishment phase,
but his objections were overruled.

            Neither side
objected to the jury charge which read in part:

The defendant, JOHNNY MARTINEZ, stands charged by indictment
with the offense of Sexual Assault, alleged to have been committed on or about
the 31st day of October, 2005, in Denton County, Texas.  The defendant has pleaded not guilty.

 

.               .               .

 

You are further charged as the law in this case that the state
is not required to prove the exact date alleged in the indictment but may prove
the offense if any to have been committed at any time prior to 20th day of
January, 2009, the presentment date of the indictment.

 

.               .               .

 

Now, if you find from the evidence beyond a reasonable doubt
that on or about the 31st day of October, 2005, in Denton County, Texas, the
defendant, JOHNNY MARTINEZ, did then and there intentionally or knowingly cause
the penetration of the sexual organ of [J.C.], a child younger than 17 years of
age who was not the spouse of said defendant, by defendant’s sexual organ, then
you will find the defendant guilty of sexual assault, as charged in the
indictment.

 

ENHANCEMENT PARAGRAPHS

            In his first
issue, Appellant complains that:  (1) the
first enhancement paragraph was improper because, by citing the incorrect date
of conviction for the prior offense, a potentially fatal variance was created
in the allegation and proof of the prior offense; and (2) notice of the revised
enhancement paragraphs a mere five days before trial was not constitutionally
adequate.

            The only
variances between the enhancement paragraphs in the original indictment and the
notice are the dates of conviction and the location of the district court in
the second cause.[2]  Appellant pled “true” to each enhancement
allegation during the punishment phase.  He
did not dispute either conviction and in fact, testified about the nature of
the offenses, the reasons why he committed the offenses, and the length of time
he served in prison in each case.

Prior convictions used as enhancements must
be pled in some form, but they need not be pled in the indictment.  Brooks
v. State, 957 S.W.2d 30, 34 (Tex.Crim.App. 1997).  The accused is entitled to a description of
the judgment of former conviction that will enable him to find the record and
make preparation for a trial on the question of whether he is the individual
named in the judgment.  Villescas v. State, 189 S.W.3d 290, 293
(Tex.Crim.App. 2006), quoting Hollins v. State, 571 S.W.2d 873, 875
(Tex.Crim.App. 1978).

It is not necessary to allege prior
convictions for the purpose of enhancement with the same particularity which
must be used in charging the primary offense.  Freda v.
State, 704 S.W.2d 41, 42 (Tex.Crim.App. 1986).  The purpose of the doctrine of variance is to
avoid surprise.  See Plessinger v. State,
536 S.W.2d 380, 381 (Tex.Crim.App. 1976).  Variances between an enhancement allegation
and the proof in regard to cause numbers, courts, and dates of conviction have
all been held to be immaterial.  See Freda, 704 S.W.2d at 42-3; Thompson v. State, 563 S.W.2d 247, 251
(Tex.Crim.App. 1978)(holding two-day variance between date of prior conviction
as alleged in indictment and as proved by evidence was immaterial); Simmons v. State, 288 S.W.3d 72, 80
(Tex.App.--Houston [1st Dist.] 2009, pet. ref’d)(“variances between an
indictment and the proof of cause numbers, courts, and dates of conviction in
enhancement paragraphs have been held not to be material.”).  Moreover, neither the indictment nor the
charge must recite the dates of conviction as long as the allegations are sufficiently
specific to apprise the defendant of the conviction being used against him and
as long as the proof at the trial shows the necessary succession of offenses
and final convictions.  Hernandez v. State, 530 S.W.2d 563, 568
(Tex.Crim.App. 1975).

Here, the enhancement paragraphs correctly
alleged the cause number, location of the court, the alleged offense, and the
fact that the offense was a felony.  A
variance existed between the dates of conviction, and in the second paragraph,
the court returning the conviction.  Appellant
has not demonstrated that the variance in any way surprised him or prejudiced
him.  Therefore, the variance is neither
fatal nor material.  Freda, 704 S.W.2d at 42-3.

Appellant next contends that the notice was untimely.  Both Appellant and the State direct us to Villescas v. State, 189 S.W.3d 290
(Tex.Crim.App. 2006).  There, the
indictment did not contain enhancement allegations and the State failed to give
notice of its intent to enhance punishment until six days before trial.  Id.
at 291.  The Court of Appeals found that
ten days’ notice was presumptively reasonable, performed a harm analysis under Tex.R.App.P.
44(2(b), and found substantial harm.  Id. at 292.  The Court of Criminal Appeals reversed and
disavowed the presumptive ten day time period. 
Id. at 294.  It noted that that the question was whether
constitutionally adequate notice was given, and that “due process does not even
require that the notice be given before the guilt phase begins, much less that
it be given a number days before trial.” 
Villescas, 189 S.W.3d at 294.  Emphasizing that Villescas had no defense to the
enhancement allegation and that he had not sought a continuance, the court concluded
that he had substantially more notice than that required to satisfy due
process.  Id.

The notice in this case was constitutionally
adequate.  Appellant did not have a defense
to either enhancement and plead “true” to both.  He testified about the details of each
conviction and did not request a continuance. 
We overrule Issue One.

SUFFICIENCY OF THE EVIDENCE

            Appellant
next challenges the sufficiency of the evidence to prove that the offense of
sexual assault was committed in Denton County. 
We review the evidence in the light most favorable to the prosecution to
determine whether “any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.”  Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  This standard gives full play to
the responsibility of the trier of fact in resolving conflicts in testimony,
weighing the evidence, and drawing reasonable inferences from basic to ultimate
facts.  Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2789; Gunter v. State, 327 S.W.3d 797, 799 (Tex.App.--Fort Worth 2010, no
pet.).

The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex.Code
Crim.Proc.Ann. § 38.04 (West 1979); Brown
v. State, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), cert. denied, –– U.S. ––, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009).  As a reviewing court, we do not resolve any
conflicts of fact or re-evaluate the weight and credibility of the evidence.  King v.
State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000); In re H.G.G.D., 310 S.W.3d 43, 46 (Tex.App.--El Paso 2010, no pet.).
 Instead, our role is to determine
whether both the explicit and implicit findings made by the trier of fact are
rational by viewing all of the evidence admitted at trial in a light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422
(Tex.Crim.App. 1992).  If the record
supports conflicting inferences, we presume that the fact finder resolved any
inconsistencies in favor of the verdict and defer to that determination.  Clayton
v. State, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).  The same standard of review is applicable for
both direct and circumstantial evidence cases.  Geesa v.
State, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991), overruled on other grounds, Paulson v. State, 28 S.W.3d 570
(Tex.Crim.App. 2000).

For purposes of venue, the Fort Worth Court
of Appeals has applied the standard set out in Rippee v. State, 384 S.W.2d 717, 718 (Tex.Crim.App. 1964), which
requires the reviewing court to find the evidence sufficient if “from the
evidence the jury may reasonably conclude that the offense was committed in the
county alleged.”  See Rangel v. State, 199 S.W.3d 523, 539 (Tex.App.--Fort Worth
2006), pet. dism’d, improvidently granted,
250 S.W.3d 96 (Tex.Crim.App. 2008).  Proof
of venue may comprise direct or circumstantial evidence.  Couchman
v. State, 3 S.W.3d 155, 161 (Tex.App.--Fort Worth 1999, pet. ref’d); Knabe v. State, 836 S.W.2d 837, 839 (Tex.App.--Fort
Worth 1992, pet. ref’d).  For the purpose
of determining venue, the trier of fact may draw reasonable inferences from the
evidence.  Couchman, 3 S.W.3d at 161.

Appellant contends that contradictions
between J.C.’s and Grigg’s testimony raised doubts as to J.C.’s ability to
properly identify the location of the alleged sexual act.  He points to J.C.’s testimony that she
initially thought that her son was conceived at the Steenson house and then
changed her testimony to identify the Palisades house.  Both of these locations are in Denton
County.  J.C. told Grigg that she had sex
with Appellant in both Dallas and Denton counties before she turned seventeen.  Appellant claimed the couple only had sexual
relations in Dallas County before J.C. turned seventeen.

Viewing the evidence in the light most
favorable to the verdict, and presuming that the fact finder resolved any
inconsistencies in the evidence in favor of the verdict, we conclude that a
rational trier of fact could have found by a preponderance of the evidence that
the evidence was sufficient for the jury to believe that J.C. and Appellant had
sexual intercourse in Denton County.  We
overrule Issue Two.

CHARGE ERROR

            In his final
issue, Appellant contends that because the State did not elect the specific act
upon which it relied, the jury charge allowed for a non-unanimous verdict.  This, combined with the prosecutor’s
statements during closing argument, purportedly caused him egregious harm.  He directs us to O’Neal v. State, 746 S.W.2d 769, 771 (Tex.Crim.App. 1988) to
support his argument that, because the State introduced evidence of numerous
sexual acts, the State must elect the act upon which it relied for
conviction.  The rule set out in O’Neal regarding election is that “where
one act of intercourse is alleged in the indictment and more than one act of
intercourse is shown by the evidence in a sexual assault trial, the State must
elect the act upon which it would rely for conviction.”  O’Neal,
746 S.W.2d at 771.

Appellant did not object to the charge and
did not request an election.  Cosio v. State, 353 S.W.3d 766, 777
(Tex.Crim.App. 2011).  Thus, we examine
the charge for egregious harm.  Id.; see also Tex.Code Crim.Proc.Ann.
§ 36.19 (West 2006); Allen v. State,
253 S.W.3d 260, 264 (Tex.Crim.App. 2008); Hutch
v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996).

Egregious harm requires a showing of actual
rather than theoretical harm.  Ngo v. State, 175 S.W.3d 738, 750
(Tex.Crim.App. 2005).  For actual harm to
be established, the charge error must have affected “the very basis of the
case,” “deprive[d] the defendant of a valuable right,” or “vitally affect[ed] a
defensive theory.” Cosio, 353 S.W.3d at
777, n.72, citing Warner v. State,
245 S.W.3d 458, 462, 464 (Tex.Crim.App. 2008)(neither party bears the burden in
showing harm or egregious harm).  When
assessing harm based on the particular facts of the case, we consider:  (1) the charge; (2) the state of the evidence,
including contested issues and the weight of the probative evidence; (3) the
parties’ arguments; and (4) all other relevant information in the record.  Cosio,
353 S.W.3d at 777.

In relevant part, the charge read:

The
defendant, JOHNNY MARTINEZ, stands charged by indictment with the offense of
Sexual Assault, alleged to have been committed on or about the 31st day of
October, 2005, in Denton County, Texas. 
The defendant has pleaded not guilty.

 

.               .               .

 

You are further charged as the law in this case that the state
is not required to prove the exact date alleged in this indictment but may
prove the offense if any to have been committed at any time prior to 20th day
of January, 2009, the presentment date of the indictment.

 

.               .               .

 

Now, if you find from the evidence beyond a reasonable doubt
that on or about the 31st day of October, 2005, in Denton County, Texas, the
defendant, JOHNNY MARTINEZ, did then and there intentionally or knowingly cause
the penetration of the sexual organ of [J.C.], a child younger than 17 years of
age who was not the spouse of said defendant, by defendant’s sexual organ, then
you will find the defendant guilty of sexual assault, as charged in the
indictment.

 

Clearly, the charged offense is a sexual assault which
occurred on or about October 31, 2005.  J.C.
testified that on the date alleged in the indictment she had sex with Appellant
in Denton County.  She told Grigg that
she and Appellant were having “a lot of sex” around Halloween 2005 when she was
sixteen and became pregnant.  Appellant
did not dispute that he is the father of J.C.’s child.  Unlike Ngo,
where the defendant was charged in a single paragraph with different variations
of the same offense by the commission of different criminal acts, the criminal
act here was specific and sought conviction of only one crime.  Because nothing in the charge permitted a
non-unanimous verdict, this factor does not support a finding of egregious
harm.

During closing argument, the prosecutor stated:

So if you believe, at any point in time, they had sex once
while she was under 17 in Denton County, he’s guilty.  We don’t have to prove to you that [Ja.C.]
was conceived in Denton County or that it was any particular date, that it was
Halloween, we just have to prove one day. 
We charged him with one act, one offense.  We have to prove that it occurred once.  Could be any time.

The evidence proves that beyond a reasonable doubt,
also.  The paternity testing and
[Ja.C.]’s birthday.

 

While the prosecutor’s statements are similar to Ngo, they accurately summarize the
information provided to the jury in the court’s instructions.  This factor does not support a finding of actual
harm.

We are also to consider the severity of the
punishment assessed, which may indicate egregious harm in some situations.  Martinez
v. State, 313 S.W.3d 358, 369 (Tex.App.--Houston [1st Dist.] 2009, pet.
ref’d).  Appellant was found guilty of
sexual assault of a child, a first-degree felony.  See Tex.Penal Code Ann. § 22.011(a)(2)(A), (e)(West 2011).  Appellant pled true to two enhancement
paragraphs.  He received a ninety-nine
year sentence, the maximum of the punishment range of a first-degree
felony.  See Tex.Penal Code Ann. § 12.32(a)(West 2011) (“[a]n
individual adjudged guilty of a felony of the first degree shall be punished by
imprisonment in the Texas Department of Criminal Justice for life or for any
term of not more than 99 years or less than 5 years.”).  A maximum sentence alone does not indicate
egregious harm.  Martinez, 313 S.W.2d at 369.

Appellant admitted to having sexual
relations with J.C. multiple times while she was a minor.  He admitted paternity of her son.  He pled true to an enhancement paragraph of the
felony offense of burglary of a habitation, for which he received a sixty-year
sentence.  He pled true to a second
enhancement paragraph of the felony offense of burglary of a habitation, for which
he was sentenced to forty years’ confinement. 
Finally, while in jail awaiting trial, Appellant improperly used a cell
phone to harass J.C. through her friends.  We conclude that in light of the charged
offense, Appellant’s criminal record, his actions after his arrest, and his own
admissions, the punishment assessed by the jury weighs against a finding of
egregious harm.  We overrule Issue Three
and affirm the judgment of the trial court.

 

 

January
23, 2013

                                                                        ANN
CRAWFORD McCLURE, Chief Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff,
J. (Not Participating)

 

(Do
Not Publish)











[1]
This case was transferred from the Second Court of Appeals to this Court
pursuant to a docket equalization order entered by the Texas Supreme
Court.  See Tex.Gov’t Code
Ann. § 73.001 (West 2005).  We have applied precedent of the Fort
Worth Court of Appeals.  See Tex.R.App.P.
41.3.





[2]
Appellant challenges only the dates.